

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Williams v. Comm PA Corrections

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3534

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Williams v. Comm PA Corrections" (2005). *2005 Decisions.* Paper 699.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/699

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-3534
_____

CHARLES WILLIAMS,

Appellant
v.

COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF CORRECTIONS;
NORRIS B. WEBB; HERBERT;
STREET; SMITH

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-02345)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
FEBRUARY 22, 2005

Before:  ROTH, MCKEE AND ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed : August 16, 2005)

_____

OPINION
_____

PER CURIAM

Charles Williams appeals <u>pro</u> <u>se</u> from the judgment of the United States District

Court for the Middle District of Pennsylvania granting summary judgment in favor of defendants Department of Corrections ("DOC"), Webb, Herbert, Street, and Smith, holding that Williams failed to exhaust his claims and that suit against the DOC was barred by the Eleventh Amendment and because the DOC was not a "person" for § 1983 purposes.

Williams filed a counseled § 1983 complaint in state court which was removed to the United States District Court for the Eastern District and transferred to the Middle District in 2001. He claimed violations of the Eighth and Fourteenth Amendments arising from the defendants' deliberate indifference to his serious medical needs and retaliation. Williams alleged that while he was incarcerated at SCI-Rockview as a participant in the prison's "Therapeutic Community Unit" ("TCU"), he was forced by inmate "supervisors" to engage in strenuous physical activity contrary to doctor's orders on May 9, June 1, June 4, and July 23, 1999, causing him to develop an inguinal hernia. Williams alleged that the Director of the TCU, Norris Webb, knew what the inmate "supervisors" were doing and was aware of Williams's medical restriction prohibiting strenuous activity or lifting more than 10 pounds, but failed to intervene. Williams alleges that Webb harassed him, threatening that Williams would be terminated from the program if he did not participate in the physical activity that was part of his "misfit coordination."

Specifically, Williams alleged that on May 9, 1999, an inmate "supervisor" ordered him to lift a crate of books weighing approximately 60 pounds. When Williams

2

was unable to finish the task, the inmate "supervisor" ordered Williams to do push-ups with the crate of books on his back. Williams immediately sought medical help and received a medical order restricting him to lifting no more than 10 pounds. On June 1, 1999, Williams was dressed up in toilet paper "like a mummy" and forced by inmate "supervisors" to do, among other things, push-ups and squats, and to empty garbage cans weighing approximately 70 pounds. On June 3, 1999, he was forced to participate again "in another vigorous misfit coordination," despite a 24-hour "medical lay-in" order which was imposed on June 2. Id. ¶ 23. On June 4, 1999, in addition to push-ups, squats, and lifting heavy garbage, Williams was also ordered by the inmate "supervisors" to pick up "around 100 to 125 books from the floor" in a very short period of time. On July 23, 1999, about two days after Williams had seen the doctor for a possible hernia, Webb and his inmate "supervisors" forced Williams to participate in a "therapeutic dot" exercise requiring him to twist and spin keeping his feet on a black circular disk about 12 inches in diameter. Williams had to be treated at the Centre County Medical Emergency Room immediately afterward. On July 26, 1999, Williams was diagnosed with a left inguinal hernia. The hernia was surgically treated in August 1999.

As to defendants Smith, Street, and Herbert, Williams claimed that Sergeant Smith denied him medical attention on June 21, 1999, by failing to add Williams to the Sick Call list that day. He accused Smith of telling other officers that Williams was "faking his injuries." The allegations pertaining to Officer Street are not accusatory. Street gave

Williams passes to be seen by the nurse on two occasions and tried to get him medical help unsuccessfully on another. Street also allowed Williams to remain in the bottom bunk in his cell, despite orders for Williams to move to the top bunk. There are no allegations against Officer Herbert.

Williams filed two administrative grievances. The first grievance, ROC0404-99, sets forth the details of the May and early June incidents at the TCU, and specifically identifies Webb. The second grievance, # ROC0491-99, complained that on July 13, 1999, Webb harassed Williams to participate in the TCU, despite Williams's health problems and despite the fact that Williams was put on medical "laid in" status.

After the District Court granted judgment on the pleadings in favor of defendants Horn, Meyers, Wakefield, Whitman, Gaertner, Lidgett, Bitner, Kushwara, Tressler, Knowles, Walls and Crisafulli, Defendants Webb, Herbert, Street, Smith, and the DOC, filed a motion for summary judgment. Williams did not file a response. Upon consideration of the written filings, the Magistrate Judge found that suit against the DOC was barred by the Eleventh Amendment and because the DOC was not a "person" for § 1983 purposes. The Magistrate Judge also found that Williams had failed to exhaust his claims for monetary relief against the other defendants because he failed to specifically request such relief in his grievances. The District Court overruled Williams's objections, adopted the Magistrate's Report, and granted summary judgment in favor of the DOC,

4

Webb, Herbert, Street, and Smith.  Williams timely appealed.[1]

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a grant of summary judgment, which (as the District Court explained) is appropriately entered only when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We conclude that the District Court correctly granted summary judgment in favor of the Department of Corrections ("DOC") for the reasons stated in the Magistrate Judge's Report.  As for defendants Smith, Street, and Herbert, we agree that Williams failed to exhaust his administrative remedies, but for different reasons.  As to defendant Webb, we find that Williams's claims arising out of his first grievance are exhausted but that the claims arising out of the second grievance are precluded for non-exhaustion as explained further below.  Consequently, we will affirm as to all defendants and all claims except those pertaining to Webb arising out of the first grievance, ROC-0404-99.

---

[1] Williams also appealed the District Court's judgment on the pleadings in favor of defendants Horn, Meyers, Wakefield, Whitman, Gaertner, Lidgett, Bitner, Kushwara, Tressler, Knowles, Walls, and Crisafulli.  See Informal Brief, at 1-2; Appellant's Reply Brief, at 13-15.  The defendants, however, do not appear as named appellees on the case caption.  We see no need to allow additional briefing from these defendants because we find Williams's argument on appeal as to these defendants to be meritless.  We agree with the District Court that the Complaint failed to allege personal involvement on the part of defendants Horn, Meyers, Wakefield, Whitman, Gaertner, Lidgett, Bitner, Kushwara, Tressler, Knowles, and Walls, sufficient to make out a claim of supervisory liability.  As for Crisafulli's alleged refusal to prepare a pre-release package on August 11, 1999, Williams did not allege that the refusal resulted in any harm.  Accordingly, we will affirm the judgment as to defendants Horn, Meyers, Wakefield, Whitman, Gaertner, Lidgett, Bitner, Kushwara, Tressler, Knowles, Walls, and Crisafulli.

After the District Court granted summary judgment on non-exhaustion grounds, this Court decided Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004), where we held that administrative exhaustion under the Prison Litigation Reform Act (PLRA) requires that a prisoner properly exhaust his administrative remedies through the applicable state prison grievance system. We ruled that the PLRA's procedural default requirement with respect to the exhaustion of administrative remedies is governed by the state's policies and rules setting forth the prison grievance process. Id. at 231-32. In Spruill, as here, the defendants maintained that the inmate failed to properly exhaust his administrative remedies under the Pennsylvania grievance system because he failed to make a claim for monetary damages and failed to identify a certain defendant in his grievances.

As we explained in Spruill, Pennsylvania's grievance system provides three stages of review: initial review of the inmate's filed grievance; the first appeal from the initial review, known as the appeal to the facility manager; and the second and final appeal to the Secretary's Office of Inmate Grievances. Id. at 232. In Spruill, we held that the rules governing Pennsylvania's prison grievance process did not require that the inmate articulate requests for legal relief in his grievance. We decided that such a request was optional under Pennsylvania's rules, and therefore, Spruill's failure to make a claim for monetary damages did not rise to the level of a procedural default. Id. at 233-234. As for the failure to the identify named defendants on the grievance form, we determined that to the extent the identity of a defendant was " a fact relevant to the claim," Pennsylvania's

6

prison grievance policy mandated that the identification be included in the inmate's statement of facts on the grievance form. Id. at 234. And, we concluded that in the absence of any justifiable excuse, a Pennsylvania inmate's failure to properly identify a defendant constituted a failure to properly exhaust his administrative remedies under the PLRA. Id.

Applying Spruill to Williams's case, we find that Williams cannot be faulted for failing to request monetary relief throughout the prison grievance process, but that his failure to identify defendants Herbert, Street, or Smith in either of his two grievances, means that he failed to exhaust his administrative remedies in accordance with Pennsylvania's grievance process and the PLRA. We note that in any event, Williams fails to state a claim against defendants Herbert, Street, and Smith. The allegations against Smith do not amount to deliberate indifference. Smith's verbal comments, although regrettable, do not rise to the level of a constitutional violation. Williams makes no claim of any constitutional violation by Street, and he makes no allegations at all about Herbert. Accordingly, we find that the District Court properly granted summary judgment as to defendants Herbert, Street, and Smith.

Turning to the District Court's decision with respect to Webb, we conclude that the District Court, not having the benefit of our guidance in Spruill, should not have granted summary judgment in Webb's favor on the claims arising out of Williams's first grievance. The District Court determined that Williams failed to exhaust his

7

administrative remedies because he did not ask for monetary damages in his grievances. Webb apparently acknowledges that Spruill renders the District Court's ruling incorrect, at least with regard to the claims arising out of Williams's first grievance, because he now argues that the District Court properly granted summary judgment only with respect to the claims arising out of the second grievance, ROC-0491-99 (the July 13, 1999 incidents). Specifically, Webb contends that Williams failed to exhaust under the PLRA because he did not properly complete the final stage of Pennsylvania's grievance process prior to filing suit. The Rackovan Declaration establishes that the Superintendent denied Williams's final appeal of the second grievance as untimely filed. We agree with the defendants that the denial of the second grievance as untimely renders the claims arising out of the second grievance procedurally defaulted and therefore not exhausted under the PLRA. Thus, we conclude that the District Court properly granted summary judgment in Webb's favor with regard to the claims arising out of the second grievance.

The only claims that remain are Williams's claims against Webb with respect to the first grievance. Webb does not argue any alternate ground for affirming the District Court's grant of summary judgment on these claims, and we find none on this record. Accordingly, we will reverse the judgment in Webb's favor as to the claims arising out of the first grievance.

In summary, we will affirm the District Court's judgment in favor of defendants Department of Corrections, Herbert, Street, and Smith. We will affirm the District

Court's judgment in favor of defendant Webb on all claims arising out of the second grievance, ROC-0491-99. We will reverse judgment as to defendant Webb on all claims arising out of the first grievance, ROC-0404-99, and remand for further proceedings consistent with this opinion.

9