

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2008

# Williams v. Comm PA Corrections

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2829

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Williams v. Comm PA Corrections" (2008). *2008 Decisions.* Paper 661.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/661

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2829
_____

CHARLES WILLIAMS,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS;
NORRIS B. WEBB; Officer HERBERT; Officer STREET; Sergeant SMITH
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 01-cv-02345)
District Judge:  The Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2008

Before:  AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>.

(Filed: August 13, 2008 )
_____

OPINION
_____

PER CURIAM

Charles Williams appeals, *pro se*, from an order of the District Court entering judgment as a matter of law with respect to the complaint he filed pursuant to 42 U.S.C. § 1983." For the reasons that follow, we will affirm.

I.

Williams filed a § 1983 complaint claiming violations of the Eighth and Fourteenth Amendments arising from the defendants' deliberate indifference to his serious medical needs, and retaliation. Williams alleged that while he was incarcerated at State Correctional Institution-Rockview as a participant in the prison's "Therapeutic Community Unit" ("TCU"), he was forced by inmate "supervisors" to engage in strenuous physical activity contrary to doctors' orders, causing him to develop an inguinal hernia. Williams alleged that the Director of the TCU, Norris Webb, knew what the inmate "supervisors" were doing and was aware of Williams's medical restriction prohibiting strenuous activity or lifting more than 10 pounds, but failed to intervene. Williams alleges that Webb harassed him, threatening that Williams would be terminated from the program if he did not participate in the physical activity that was part of his "misfit coordination."

Williams filed two administrative grievances. Defendants Webb, Herbert, Street, Smith, and the Department of Corrections ("DOC"), filed a motion for summary judgment which the District Court granted. On appealed we affirmed the District Court's

2

decision as to the DOC, Herbert, Street, and Smith, and reversed and remanded as to Appellee Webb. See Williams v. Comm. of Pa., 146 Fed. Appx. 554 (3d Cir. 2005) (per curiam). We held that Williams's claim arising from his first grievance against Webb was properly exhausted and therefore ripe for review. Id. at 557-558.

On remand, the District Court held a jury trial on Williams' Eighth Amendment claim against Webb. Williams presented a case consisting of the testimony of Webb, Dr. John Symons, a doctor who treated Williams at the prison, and various exhibits. At the close of Williams's case, Webb moved orally for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). The District Court orally granted Webb's motion, finding that Williams failed to present sufficient evidence to prove that Webb was deliberately indifferent to Williams's serious medical need or that Webb's deliberate indifference caused Williams serious harm or injury. On June 6, 2007 the District Court issued a written order confirming the judgment. Williams has filed a timely appeal from that judgment.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for judgment as a matter of law. See Curley v. Klem, 499 F.3d 199, 205 (3d Cir. 2007).

A motion for judgment as a matter of law should be granted only if, "viewing the evidence in the light most favorable to the nonmoving party, there is no question of

3

material fact for the jury and any verdict other than the one directed would be erroneous under the governing law." McGreevey v. Stroup, 413 F.3d 359, 364 (3d Cir. 2005) (citation omitted). In order to establish a violation of his Eighth Amendment right to be free from cruel and unusual punishment, Williams was required to prove that Webb acted with deliberate indifference to his serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Williams failed to prove his case against Webb. Despite repeated urging from the District Court, Williams attempted to enter his complaint into evidence as proof of his claim instead of taking the stand. Statements made in a complaint, however, are merely allegations and not evidence. See Fed. Deposit Ins. Corp. v. Deglau, 207 F.3d 153, 172 (3d Cir. 2000). Nor are remarks Williams made during his opening statement or questions he posed to witnesses. See Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 191 n.11 (3d Cir. 2003). Therefore, Williams case rested on the testimonies of Webb and Symons and several exhibits he admitted into evidence.[1]

It is true, as Appellant claims, that Symons' testimony established that he suffered a hernia. However, the doctor also testified that he had no personal knowledge of how Appellant sustained the injury. Moreover, while Webb's testimony established that inmates in the TCU performed squats as punishment for misconduct, there is no evidence

---

[1]The exhibits included: Defendants' answers to the complaint, the Department of Corrections' inmate handbook, a medical clearance form, and Williams' medical records.

that Appellant was personally required to perform squats while he was injured. As the District Court stated Appellant established, at best, that he suffered a serious injury. Williams, however, failed to demonstrate that Webb knew of and was deliberately indifferent to his serious injury. See Spruill v. Gillis 372 F.3d 218, 235-36 (3d Cir. 2004). Accordingly, the District Court did not err in granting Appellee's motion for judgment as a matter of law.

To the extent that Williams attempts to resurrect claims against Defendants whose dismissal we previously affirmed, such claims are generally barred. See In re City of Phila. Litig., 158 F.3d 711, 717 (3d Cir. 1998) (one panel of an appellate court will not reconsider questions that another panel has decided on a prior appeal in the same case). Williams does not present "extraordinary circumstances" that would warrant reconsideration of issues the previous panel decided. See Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116-17 (3d Cir. 1997).

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2]Appellee's motion to strike Williams's brief is denied. Appellant's April 21, 2008 motion requesting an extension of time to file an alternative brief and appendix is denied as unnecessary. The briefs and appendices submitted by Williams have been filed in the Clerk's Office and considered by this panel in rendering our decision.